Maynard Evans
4585 Lake Holden Hills Drive
Orlando, FL 32839

August 11, 2008

The Honorable Patricia V. Trumbull
c/o Clerk of Court
280 South First Street, Room 2112
San Jose, CA 95113-3095

RE: cv-03318-PVT Cala et al v. Bush et al

Your Honor:

I have been made aware through Ran Bush that I have been named as a co-defendant in the above case

I have not been served and am concerned that Mr. Ashworth might claim otherwise in that it was filed July 9th. My address is clearly shown on plaintiff's Exhibit B and also on the letterhead should he wish to effect service now or in the future.

I have also enclosed an offer made last week to Mr. Cala of which Mr. Ashworth has been copied.

While I do not believe I have any liability, especially since he is suing under the Fair Debt Collection Act and I was enforcing a judgment related to a commercial transaction only, I thought it appropriate to offer to settle this matter rather than waste valuable court resources on a case like this.

Yours sincerely,

Maynard Evans

enclosure:   Cala offer letter
             Ashworth letter of non service

Maynard Evans
4585 Lake Holden Hills Drive
Orlando, FL  32839

August 11, 2008

Christopher Ashworth, Esq.
Silicon Valley Law Group
A Law Corporation
25 Metro Drive, Suite 600
San Jose, CA 95110

RE: cv-03318-PVT Cala et al v. Bush et al

Dear Mr. Ashworth:

I have been made aware through Ran Bush that I have been named as a co-defendant in the above case which you filed July 9th in Federal Court.

Although my address is clearly shown in your Exhibit B, I have not been served and there has been no attempt to do so at the above address.

I have enclosed an offer made last week to Mr. Cala.

If you wish to bring me into the jurisdiction of the court you may serve me at the address you have on your Exhibit B or on this letterhead and I shall respond within the 20 day allotted period.

Yours sincerely,

*[signature]*

Maynard Evans

enclosure: Cala letter

cc: The Honorable Patricia V. Trumbull

**Maynard Evans**
**4585 Lake Holden Hills Dr**
**P.O. 560091**
**Orlando, FL 34856**
**(321) 206 0324**

August 4, 2008

Mr. Joseph Cala
14918 Leigh Avenue
San Jose, CA 95124-4523

Dear Mr. Cala:

I am the Maynard Evans responsible for having Bank of America freeze your account in mid-July.

I am writing to apologize, explain, and offer consideration for your inconvenience and upset. I hope to make clear how it came about that your bank account was frozen.

As you are aware by now, your cousin, who has been using the name Joseph Cala, and his business, Cala Corporation, had a judgment awarded against them in the Superior Court of California, County of San Francisco in 2002. This judgment involved a commercial real estate transaction and was not related to any consumer transaction. It is important to note this, as the Federal Fair Debt Collection Practices Act applies only to consumer debt, not commercial debt.

When I relocated here, Mr. Bush, the original assignee, asked that I take this judgment and pursue it in Brevard County, Florida, since your cousin had moved the Cala Corporation from San Jose to Titusville, Florida and had purchased a mini-mall. At this time, the judgment with principle and interest was approximately $62,000. I did the paperwork to domesticate the judgment in Florida at the 18th Circuit Court in Brevard County. Your cousin and Cala Corporation were served by mail both at their offices in the Main Street Mall and to the registered agent of Cala Corporation as reported to the State of Florida. These papers were served by the court.

I later filed an abstract of judgment in the Brevard County, Florida Recorder's office to create a lien on real estate held in Brevard County by either the Cala Corporation or your cousin. Again, notice of this lien was served by mail from the county recorder's office to your cousin's and the Cala Corporation's address in the Main Street mall and to the agent for service of process. At this point, it was my job to actively seek to enforce the creditor's judgment.

I had not met your cousin, but had two pictures, one from the original judgment creditor and another from the Cala Corporation/Undersea Resorts website. I was aware of his

Maynard Evans

frequent travels from Florida to San Jose and was also aware that he had no known residence in Florida. I had been unable to reach him by telephone, and on the various trips I made to Titusville, I had not seen anyone resembling the pictures. Incidentally, I now know that he is your cousin because of a conversation I had with him at noon, July 16 at the Café Chocolate in Titusville, Florida. He had recently returned from California and explained that his cousin (you) was very angry with me for having his bank account frozen.

In May of this year, it became apparent that nothing was going to happen with this action, so I decided to do a bank garnishment on both your cousin's and the Cala Corporation's bank accounts. I had been informed by the mortgage holder of the building that Cala Corporation used the Bank of America on Main Street in Titusville, Florida and I applied to the court and received a writ of garnishment which was served on the Bank of America by the Brevard County Sheriff.

I then actively sought to garnish your cousin's bank accounts. As a judgment creditor or assignee of record of a judgment, I have permissible purpose under federal law to access consumer reports (commonly called credit reports), credit header files, and other information which may assist in locating assets of a judgment debtor. While I did not pull a consumer report, I did access credit header files from Lexis/Nexis, which showed that the only living Joseph Cala anywhere near the age of 45 to 55 was located in San Jose, California. Unfortunately, rather than your cousin, this turned out to be you. I suspect that because of the way credit reports and credit header files are set up, it was inevitable that sooner or later you would be mistaken for your cousin, who was using the name Joseph or Joe Cala. The news media in San Jose have a great deal of coverage of Joseph Cala and the Cala Corporation. However, you, the real Joseph Cala, is the one who shows up when searching for a middle-aged Joseph Cala in the San Jose area.

When you received the news of the bank freeze, I was at the University of Florida Teaching Hospital with my daughter, who was undergoing the first of what has become multiple procedures for a rare and malignant form of soft tissue cancer. As I devoted all of my time to my daughter, it was several days before I picked up my messages, some of which were from you, from Mr. Ashcroft, your attorney, and from Mr. Bush. I returned Mr. Ashcroft's calls first, but only received his voice mail. He returned mine, but only received my voice mail. Mr. Bush and I were able to catch each other, and I was informed that it was unlikely that your cousin's bank account would contain so large a sum. Thanks to Mr. Bush, our debtor, who is your cousin, was identified correctly, and I went to the Titusville court, filed a correction, and then went directly to the local Bank of America, where I gave them a court filed copy, had the freeze lifted, and had a facsimile sent to Mr. Ashford on the morning of June 20th. In other words, although I was delayed by my daughter's medical condition, as soon as I was able to retrieve phone messages, I acted on them, and acted appropriately by lifting the freeze on your account. If I had not been at my daughter's side, and had been able to retrieve my phone messages, I would have handled the matter without any delay whatsoever.

Maynard Evans

During the time that your funds were frozen, they remained entirely in the possession of Bank of America, only to be released after 20 days if no one filed a claim of exemption, third party claim, or provided other evidence that these were not funds of the Titusville Joseph Cala, your cousin. This would have been the correct procedure for your attorney to follow had I not recognized the crossed identities and filed a release myself. In fact, that procedure is designed for exactly this type of occurrence, and it is the procedure that the legislature has determined is the appropriate one to follow.

While this entire incident is upsetting, no laws were broken, you suffered no financial loss, and no personal information was revealed to anyone without a federal permissible purpose. There were no dishonored checks or any other damages, and a court would have a hard time finding any fault with the proceedings. In addition, this matter involved a commercial debt, and not a consumer debt.

However, this does not mean that you were not emotionally distressed and angry, and I can understand that this incident has caused you great upset and has likely cost you some legal fees. In that I believe you to be a man of honor, and I too, attempt to be one, I have enclosed a check to you in the amount of $2000 for your distress. I make this offer with the understanding that this will fully and completely settle matters between us and ask you to dismiss your lawsuit with prejudice. I also make this offer with the understanding that although I acted legally and appropriately, you were innocent of any wrongdoing and this should not have happened to you. I hope you will find this acceptable, but if this is not the case, please return my check. I hope you will consider the following in making your decision.

1.      There is no Fair Debt Collection Practices Act violation as the FDCPA does not apply to a commercial debt.
2.      Your attorney failed to comply with the legislative remedy for the bank account freeze, namely, filing a third party claim with the court or a claim of exemption.
3.      You have no financial damages. I had the funds released as soon as I was aware of having the wrong person identified.
4.      In that there is no contractual relationship involved, we will each be responsible for our own attorney's fees. However, I would represent myself and will not incur any attorney's fees.

Again, I regret that this caused you upset and I sincerely hope that you will accept my apology.

Yours,

Maynard Evans


enclosure: Check #1212   amount $2000

3