1  **CHRISTOPHER ASHWORTH (SBN 54889)**
   **SILICON VALLEY LAW GROUP**
2  **A Law Corporation**
   **25 Metro Drive, Suite 600**
3  **San Jose, CA 95110**
   **Telephone: (408) 573-5700**
4  **Facsimile: (408) 573-5701**
   **Email: ca@svlg.com**
5
6  **Attorneys for Plaintiffs**
7
8
                    **UNITED STATES DISTRICT COURT**
9
              **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**
10

11  Joseph Salvatore Cala, an individual;  Lisa          )  **CASE NO.: C 08 03318 PVT**
    Cala, an individual; and Alex Cala, an               )
12  individual,                                          )  **OPPOSITION TO MOTION TO**
                                                         )  **DISMISS**
13                          Plaintiffs,                  )
                                                         )  **Date:   September 16**
14          vs.                                          )  **Ctrm: Hon Patricia V. Trumbull**
                                                         )  **Time:  10:00**
15  Randolph Bush, an individual and Maynard             )
    Evans, an individual                                 )
16                                                       )
                            Defendants.                  )
17  _____             )
                                                         )
18                                                       )

19          Plaintiffs Joseph Salvatore Cala, [Joseph], Lisa Cala, [Lisa] and Alex Cala, [Alex]

20  [collectively "Plaintiffs"] oppose the motion of Defendant Randolph Bush to dismiss in the

21  following premises:

22          **1.  Bush's argument that "there are no allegations that Bush did anything in**

23  **connection with the bank levy".**  The allegations in the complaint are precisely to the contrary.

24  The complaint informs:

25          "[ ¶14] Plaintiffs are informed and believe that Defendants knowingly

26          misinformed the Bank about the true identity of the actual San Francisco

27          judgment debtor.  Plaintiffs are further informed that the Defendants

28          intended that, if plaintiffs were too unsophisticated to seek competent legal

                    **OPPOSITION TO MOTION TO DISMISS**
                                    1

1   help, Defendants would collect an amount in excess of $60,000.  Plaintiffs

2   are further informed and believe that, if plaintiffs proved more

3   sophisticated, that Defendants would offer to "help" straighten out the

4   problem for a substantial fee.  Indeed, on the very day that the Plaintiffs

5   were informed by the Bank that their accounts hade been stripped,

6   defendant **Bush** telephoned the Plaintiffs and offered to 'help'".

7   A concert of action between Bush and Evans is sufficiently pled.

8   **2.  Bush's jurisdictional argument.**  Bush claims that the case does not involve a

9   consumer debt and thus does not implicate the Fair Debt Collection practices Act, 15 U.S.C. §

10  1692, *et seq.*  But the cases say otherwise.  Where, as here, there is an attempt to collect a non-

11  existent debt, the protection of the Act goes beyond "consumers".  A case right on point is

12  *Dutton v. Wolhar* (1981) 809 F. Supp. 1130:

13      "A reading of the plain language of the Act demonstrates that §

14      1692k does not limit recovery to "consumers."  Instead, it imposes liability

15      where a debt collector has failed to comply with the Act with respect to "any

16      person."  15 U.S.C. § 1692k (1988). In addition, none of the sections of the

17      Act before this Court on Dutton's motion for summary judgment limits its

18      proscriptions to "consumers."   *See* 15 U.S.C. §§ 1692e(2)(A), e(5), e(10)

19      and e(11) (1988).

20      The legislative history of the FDCPA supports this reading of the

21      Act. As noted by House Report 95-131:

22          This bill also protects people who do not owe money at all. In

23          the collector's zeal, collection effort are often aimed at the wrong

24          person either because of mistaken identity or mistaken facts. This bill

25          will make collectors behave responsibly towards people with whom

26          they deal. Another group of people who do not owe money, but who

27          may be deliberately harassed are the family, employer and neighbors

28          of the consumer. These people are also protected by this ... bill.

**OPPOSITION TO MOTION TO DISMISS**

1   It was Congress's intent to protect people other than debtors, such as

2   plaintiff Dutton, who are subject to harassment by debt collectors.   *See also*

3   S.Rep. No. 382, 95th Cong. 1st Sess. 4 *reprinted in* 1977 U.S.Code Cong. &

4   Admin.News 1695, 1699 (noting one purpose of Act is to prevent debt

5   collectors from "dunning the wrong person...."); H.R.Rep No. 1202, 94th

6   Cong.2d Sess. 5 ("Certainly a person who has a common name and is being

7   hounded by a debt collector because of the debts of another person deserves

8   the protection this legislation will offer.").

9                                              ***

10   In *West v. Costen,* 558 F.Supp. 564 (W.D.Va.1983), the District

11   Court held, at least with respect to an action under § 1692e(2)(A), that a

12   parent who received a letter demanding that her son pay a debt he allegedly

13   owed could recover even though she was not a "consumer" within the

14   meaning of the Act.   *Id.* at 584. The rationale behind the court's decision

15   was that "section 1692e(2)(A) and (B) does not protect only consumers;

16   rather, it is designed to discourage certain debt collection practices."   *Id.*

17   The plaintiffs in this case fall within the ambit of persons protected by the

18   Act.  The complaint states a claim for relief.  The motion to dismiss on jurisdictional grounds

19   must be denied.

20   **3. Bush's "*bona fide error*" argument.**  Assuming that the defendants have made an

21   innocent error, they must assert it as a defense and prove it up.  A motion to dismiss is not the

22   proper vehicle for this effort.

23   **4. Conclusion.**  The motion must be denied.

24   Dated: July 8, 2008                     SILICON VALLEY LAW GROUP
25                                           A Law Corporation

26
27                                           By:   /s/ Christopher Ashworth
                                                   CHRISTOPHER ASHWORTH
                                                   Attorneys for Plaintiffs
28

**OPPOSITION TO MOTION TO DISMISS**

*Cala v. Bush, et al.*
**U.S.D.C. N.D. Cal. Case #: C 08 03318 PVT**

### CERTIFICATE OF SERVICE

I, Debi Adams declare as follows:

I am over eighteen years of age and not a party to the within action; I am employed in the County

of Santa Clara, California; my business address is 25 Metro Drive, Suite 600, San Jose, CA 95110.

On, August 26, 2008 I served a true and correct copy of the following documents, with all

exhibits if any: **OPPOSITION TO MOTION TO DISMISS** on the following parties:

| | |
|---|---|
| Randolph Bush<br>Assured Judgment Recovery<br>3020 El Cerrito Plaza #500<br>El Cerrito, CA 94530 | Maynard Evans<br>4585 Lake Holden Hills Drive<br>Orlando, FL 32839 |

**[XX] BY MAIL:** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served the above-named documents on the party or parties named above, in the above-referenced matter, by  following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service that same day in the ordinary course of business, addressed to the party or parties at the addresses listed above.  [CCP § 1013(a)]

**[ ] BY EXPRESS MAIL:**    I served the above-named documents on the party or parties named above, in the above-referenced matter, by placing the above-named documents in a sealed envelope and depositing them in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail, at _____ Post Office, _____, California, with Express Mail postage thereon fully prepaid, addressed to the party or parties at the addresses listed above. [CCP § 1013(c)]

**[ ] BY FEDERAL EXPRESS**:    I served the above-named documents on the party or parties named above, in the above-referenced matter, by depositing the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express, with delivery fees paid on prepaid account, addressed to the party or parties at the addresses listed above. [CCP § 1013(c)]

**[ ] BY FACSIMILE:**   On August 26, 2008, at ____ a.m./p.m. by use of fax machine number (408)573-7864 or (408) 573-5720, I served the above-named documents on the party or parties named above, in the above-referenced matter, by transmitting by fax machine to each party's fax machine number listed above.  The fax machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

and correct, that I am employed in the office of a member of the bar of this court at whose direction this

service was made, and that this certificate of service was executed on August 26, 2008, at San Jose,

California.

Debi Adams

Silicon Valley
Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

Case No.: C 08 03318 PVT            **PROOF OF SERVICE**