UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH SALVATORE CALA,<br><br>        Plaintiffs,<br><br>    v.<br><br>RANDOLPH BUSH, et al,<br><br>        Defendants. | Case No.: C 08-3318 PVT<br><br>**INTERIM ORDER** SETTING DEADLINE FOR PARTIES TO FILE EITHER CONSENT OR ELSE REQUEST FOR REASSIGNMENT; AND<br><br>**ORDER TO SHOW CAUSE** WHY CLAIMS AGAINST DEFENDANT EVANS SHOULD NOT BE DISMISSED |

On August 4, 2008, Defendant Randolph Bush filed a motion to dismiss.[1] Plaintiff opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order. Based on the briefs and arguments presented, and the file herein,

IT IS HEREBY ORDERED that, no later than September 9, 2008, each party who has appeared and who has not already done so shall file either a "Consent to Proceed Before a United States Magistrate Judge," or else a "Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment." Both forms are available from the clerk of the court, or from the Forms (Civil) section of the court's website at www.cand.uscourts.gov.

IT IS FURTHER ORDERED that, no later than September 9, 2008, Plaintiff shall file a brief

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  showing cause, if any, why their claims against Defendant Maynard Evans[2] should not be dismissed
2  based on the commercial nature of the debt at issue.

3      "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue
4  in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of
5  the statute." *See Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) citing *Slenk v. Transworld*
6  *Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (actions of the debt collector were irrelevant to
7  determination of "true nature of the debt"). The FDCPA defines debt as "any obligation or alleged
8  obligation of a consumer to pay money arising out of a transaction in which the money, property,
9  insurance, or services which are the subject of the transaction are primarily for personal, family, or
10  household purposes ..." 15 U.S.C. § 1692a(5); *see also Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067,
11  1068-69 (9th Cir. 1992) (FDCPA applies to debts incurred for personal rather than commercial
12  reasons).

13  Dated: *8/28/08*

14                                        PATRICIA V. TRUMBULL
15                                        United States Magistrate Judge

---

[2]     Defendant Evans has not yet formally appeared in this action. However, because the claims against both Defendants are based on the same debt, if dismissal is warranted as to Defendant Bush, it will also be warranted as to Defendant Evans. As a matter of judicial economy, it makes sense to address the issue with regard to both Defendants at the same time.

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on    *8/29/08*        to:

Randolph Bush
3020 El Cerrito Plaza, #500
El Cerrito, CA  94530

                         */s/   Donna Kirchner           for*
                         CORINNE LEW
                         Courtroom Deputy