Maynard Evans, in Pro Per
4585 Lake Holden Hills Dr.
Orlando, FL 32839
321-206-0324



FILED

SEP 0 2 2008

CLERK
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTCICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Joseph Salvatore Cala, an individual; ) | |
| Lisa Cala an individual; and Alex  ) | |
| Cala an individual;  ) | |
|     Plaintiffs,  ) | Case No.: C08 03318 PVT |
|     vs.  ) | |
| Randolph Bush, an individual and  ) | |
| Maynard Evans, an individual  ) | |
|     Defendants  ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Maynard Evans, acting in pro per, hereby responds in like numbered paragraphs to Plaintiff's Complaint as follows (headings are from the Complaint):

#### I. INTRODUCTION

1.    Defendant admits that plaintiffs have brought an action for damages by an individual consumer under the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA). Defendant denies that there were any violations of the FDCPA and further denies that the FDCPA prohibits all debt collectors from engaging in abusive, deceptive, and unfair practices, in that the FDCPA applies only to debt collectors and attorneys engaging in abusive, deceptive, and unfair practices when collecting consumer debts.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 1

## II. JURISDICTION AND VENUE

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## III. PARTIES

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint based on his information and belief as to defendant Randolph Bush.

5. Defendant admits that he is a natural person and admits that he maintains a residence in Florida. Defendant denies that he resides in this district and denies that he does business in this district.

6. Defendant admits that he is engaged in the business of collecting commercial judgments throughout the United States, but denies any implication that he collects consumer debts. Defendant admits that he is engaged in the business of the collection of debts, which includes using the mails and telephone, but denies that it is his principal business, and further denies any implication that he collects consumer debts. Defendant does not understand what the phrase, "and defendants regularly attempts [sic] to collect debts alleged to be due another" means, and on that basis denies. Defendant cannot speak for defendant Randolph Bush, but it is Defendant's information and belief that Mr. Bush is engaged in the business of collecting commercial judgments throughout the United States, but denies any implication that he collects consumer debts. It is Defendant's information and belief that Mr. Bush is engaged in the business of the collection of debts, which includes using the mails and telephone, and that this is his principal business.

7. Defendant admits the allegations contained in Paragraph 7 as to himself and, based on his information and belief, as to defendant Randolph Bush.

## IV. FACTUAL ALLEGATIONS

8. Defendant is now aware that plaintiffs owned bank accounts residing with Bank of America at its Cambrian Park branch in this district, but denies knowing that information on June 10, 2008. Defendant is not aware of the account numbers involved, or of the status of any of them as "kiddie" accounts, and on that basis denies. Defendant is not aware of the legal or

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 2

contractual relationship between the plaintiffs and their bank, and has no information as to the ability of 6-year-old Alex to be entitled to dominion and control over the money in the accounts, and on that basis denies.

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10 based upon information and belief.

11. Defendant denies that the Judgment was assigned from Mr. Bush to him. Defendant admits the remaining portions of Paragraph 11.

12. Defendant denies altering the writ of garnishment in any way. Defendant admits the remaining portions of Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13 based upon information and belief.

14. As to the first sentence in Paragraph 14, Defendant denies that the bank stripped any money from plaintiffs' accounts, and denies that the bank's actions were arbitrary. Defendant further denies that the writ was not regular on its face, or that Defendant altered the writ in any way. Defendant admits that the bank froze the funds in the accounts.

12 (duplicate numbering – should be 15). Defendant denies that he made any deceptive, untrue and/or unfair statements, and further denies that he stated that (plaintiff) Joseph was the judgment debtor. Defendant has no information as to any statements made by defendant Randolph Bush, and on that basis denies. Defendant also denies stating that he had actual knowledge that (plaintiff) Joseph's Social Security Number was the Social Security Number of the San Francisco debtor.

## V. FIRST CLAIM FOR RELIEF

13. Defendant reaffirms his answers and incorporates by reference Paragraphs 1 through 12 (including paragraphs 13, 14, and the duplicate 12 that should be 15) above.

14. Defendant denies violating the FDCPA and denies falsely claiming that (plaintiff) Joseph was the judgment debtor. Defendant has no information as to any statements made by defendant Randolph Bush, and that basis denies. Defendant also denies falsely claiming that he

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES – 3

had actual knowledge that (plaintiff) Joseph's Social Security Number was the Social Security Number of the San Francisco debtor. Defendant denies knowingly misinforming the Bank of America about the true identity of the actual San Francisco debtor. Defendant denies that he ever intended to collect the judgment if the plaintiffs were too unsophisticated to seek help, and further denies that he would offer to "help" to straighten out the problem for any fee whatsoever. Defendant has no information or belief as to defendant Randolph Bush, and on that basis denies.

15. Defendant denies that he violated the FDCPA, denies that he is liable to plaintiffs in any amount, denies that he was engaged in any malicious and/or or oppressive conduct, and denies that plaintiffs are entitled to actual or punitive damages.

## SECOND CLAIM FOR RELIEF

16. Defendant reaffirms his answers and incorporates all of his responses in the previous paragraphs.

17. Defendant denies that his conduct falls below the standard of care required for those who are in the business of collecting debts. Defendant has no information or belief as to defendant Randolph Bush's conduct, and on that basis denies.

18. Defendant denies that his conduct has caused emotional distress to plaintiffs. Defendant has no information or belief as to defendant Randolph Bush's conduct, and on that basis denies.

## AFFIRMATIVE DEFENSES:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted with respect to this action.

## SECOND AFFIRMATIVE DEFENSE

Defendant engaged in the collection of a commercial judgment, not a consumer debt, and as such, the FDCPA does not apply.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have no standing to sue under the FDCPA.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has not engaged in any conduct prohibited by the FDCPA. The FDCPA defines prohibited actions in dealing with a debtor such as hours of contact, methods of communication, and other prohibited practices between a collector and a debtor. Nowhere does the FDCPA address actions taken through a court order or errors by a court, a third party, or a collector when acting through the court.

### FIFTH AFFIRMATIVE DEFENSE

Any error on the part of the Defendant is excusable as a bona fide error pursuant to 15 U.S.C. 1692k(c), in that if an error was made, it was not intentional, and resulted from a bona fide error notwithstanding Defendant having and maintaining procedures reasonably adapted to avoid any such error.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

WHEREFORE, defendant prays for judgment against plaintiffs as follows;

1. That plaintiffs take nothing from defendant;
2. For reasonable attorneys' fees;
3. For cost of suit incurred herein;
4. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

MAYNARD EVANS, in Pro Per

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant's Answer and Affirmative Defenses was sent to each of the following via First Class Mail on August 29, 2008:

Christopher Ashworth
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA 95110


_____
MAYNARD EVANS

Dated: August 29, 2008