UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH SALVATORE CALA, et al., ) <br>            ) <br>                 Plaintiffs,  ) <br>            ) <br>       v.       ) <br>            ) <br> RANDOLPH BUSH, et al,    ) <br>            ) <br>                 Defendants.  ) <br> _____ ) | Case No.: C 08-3318 PVT <br><br> **ORDER GRANTING DEFENDANT BUSH'S MOTION TO DISMISS; AND** <br><br> **ORDER DISMISSING CLAIMS AGAINST DEFENDANT EVANS BASED ON THE FAILURE OF PLAINTIFFS TO RESPOND TO ORDER TO SHOW CAUSE AND ON THE FILE HEREIN** |

On August 4, 2008, Defendant Randolph Bush moved to dismiss on the grounds that, among other things, there was no attempt to collect a *consumer* debt, so as to bring Defendants' conduct within the purview of the Fair Debt Collection Practices Act ("FDCPA").[1] Plaintiff opposed the motion. On August 29, 2008, this court issued an order to Plaintiffs to show cause no later than September 9, 2008 why their claims against Defendant Maynard Evans should not be dismissed. Plaintiffs did not respond to the order to show cause. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. All parties have filed consents to proceed before a Magistrate Judge. Based on the briefs and arguments presented, and the file herein,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS HEREBY ORDERED that Defendant Bush's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that, based on Plaintiffs' failure to respond to this court's order to show cause and on the file herein, the action is also dismissed as to Defendant Evans.

"Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *See Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) citing *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (actions of the debt collector were irrelevant to determination of "true nature of the debt"). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5); *see also Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067, 1068-69 (9th Cir. 1992) (FDCPA applies to debts incurred for personal rather than commercial reasons). The FDCPA defines "debt collector" in pertinent part as:

> "[a]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6).

With one exception not relevant here,[2] the FDCPA only governs the conduct of "debt collectors" and civil liability under the FDCPA attaches only to "debt collectors" who fail to comply with the FDCPA. *See* 15 U.S.C. §§ 1692b – 1692i & 1692k(a). Based on the FDCPA's definition of "debt," it is clear that the term "debt collector" does not include any individual or entity seeking to collect *commercial* debts owed to another.

In the present case it is undisputed that the debt at issue is a commercial debt. The court has

---

[2] Under 15 U.S.C. § 1692j, prohibits designing, compiling, and furnishing any form knowing that the form will be used to create the false belief in a consumer that a person other than the creditor is participating in the collection of a debt the consumer allegedly owes the creditor, when in fact such person is not so participating. The purpose of Section 1692j is to prevent the practice known as "flat-rating." *See Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F.Supp.2d 251, 260 (E.D.N.Y. 2002); and *Franceschi v. Mautner-Glick Corp.*, 22 F.Supp.2d 250, 256 (S.D.N.Y. 1998). A "flat-rater" sells to creditors "dunning letters" bearing the letterhead of the flat-rater's collection agency and demanding that the debtor immediately pay. *See Franceschi*, 22 F.Supp.2d at 256 (quoting S.Rep. No. 95-382 (1977)). "Any person" who engages in such flat-rating in connection with a "debt" can be found liable to the same extent as a "debt collector" under 15 U.S.C. § 1692k for violating the FDCPA.

taken judicial notice of the Judgment Pursuant to Stipulation which is the debt Defendants were seeking to collect when they took the actions complained of in the complaint (*see* Complaint, ¶¶ 9-14). The court has also taken judicial notice of the fact that said judgment was entered in connection with a *commercial* unlawful detainer action. Finally, Plaintiffs have not disputed the commercial nature of the debt Defendants were seeking to collect.

The fact that Defendants were seeking to collect from the wrong individuals does not change the analysis. Nothing in the FDCPA applies to Defendants or their activities because they were seeking to collect a commercial debt. The cases cited by Plaintiffs appear to involve attempts to collect consumer debts from the wrong individuals. Plaintiffs cite no case where someone seeking to collect a commercial debt from the wrong person was held liable under the FDCPA.

Thus, because the debt at issue was commercial rather than personal, the FDCPA does not apply and dismissal is warranted. *See Turner*, 362 F.3d at 1226-28 & 1231 (affirming dismissal where judgment debt arose out of debtor's business interference tort, not out of any consumer transaction, and thus was not a 'debt' as that term is used in the FDCPA).

IT IS FURTHER ORDERED that Defendant Bush's request for costs is GRANTED. *See* FED.R.CIV.PROC. 54(d)(1). Defendant Bush shall file a bill of costs no later than September 26, 2008.

IT IS FURTHER ORDERED that Defendant Bush's request for an award of attorneys fees is DENIED because he is not represented by counsel in this matter, he is not a "debt collector" within the meaning of the FDCPA, and even if he were, he has not shown that this action was brought in bad faith and for the purpose of harassing Defendants. *See* 15 U.S.C. § 1692k(a)(3); *see also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 940-41 (9th Cir. 2006) ("a *debt collector* may recover attorneys' fees and costs upon a district court's finding that the consumer brought the action in bad faith and for purposes of harassment" (emphasis added)).

Dated: *9/12/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2 ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***
3
4 copies mailed on   *9/12/08*   to:
5 Randolph Bush
3020 El Cerrito Plaza, #500
6 El Cerrito, CA  94530
7 Maynard Evans
4585 Lake Holden Hills Dr.
8 Orlando, FL  32839
9
10     */s/ Donna Kirchner*            *for*
CORINNE LEW
Courtroom Deputy
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28